On Application for Rehearing.
LAND, J.
1. Our attention is called to the fact that the judgment appealed from allows interest from judicial demand, and that we have amended the judgment as to the amount, but not as to the date from which interest should run.
Interest should have been allowed only from date of judgment. See Ortolano v. R. R. Co., 109 La. 902, 33 South. 914.
2. The next point raised in the application is that the allowance of damages is excessive, unless it be construed as covering also the damages sustained by the minors, who have since verdict instituted a suit for damages in their own behalf.
In Clairain v. Telegraph Co., 40 La. Ann. 178,3 South. 625, this court held that the claim of the widow and children of the deceased for damages was properly presented in a single suit.
In Curley v. Railroad Co., 40 La. Ann. 810, 6 South. 103, this court, referring to Act No. 71, p. 94, of 1884, said: “This act gives to either the minor or the widow the right to sue for the alleged injury to the husband and father. The widow sues for her interest in her own right, and for the interest of her minor child in her representative capacity.”
Article 2294 of the Civil 'Code of 1825 was amended in 1855 so as to read as follows, viz.:
“Every act whatever of man, that causes damage to another, obliges him, by whose fault it happened, to repair it; the right of this action shall survive in case of death in favor of the minor children and widow of the deceased or either of them, and in default of these, in favor of the surviving father and mother or either of them, for the space of one year from the death.”
Article 2294, as thus amended and re-enacted, became article 2315 of the Revised Civil Code of 1870.
Under this article the action of the minor children and mother was joint, and was limited to the recovery of such damages as the deceased might have recovered, had he survived the injury. Van Amburgh v. Railroad Co., 37 La. Ann. 650, 55 Am. Rep. 517.
Act No. 71, p. 94, of 1884, was passed for the purpose of enabling the survivors mentioned in article 2315 to recover damages sustained by the death of the parent or child or husband or wife, as the case may be. Id.
But in re-enacting the article the word *251 “or” was substituted for “and” in the second clause of the first sentence, so as to make it read “minor children or widow” instead of “minor children and widow.”
We do not know the reasons of this change, but its legal effect is to vest the right of action in either the minor children or widow. But this right of action is limited to damages recoverable before the passage of the act of 1884, which further provided as follows, viz.: “The survivors above mentioned may also recover the damages sustained by them by the death ot the parent or child, or husband or wife, as the case may be.”
As to damages caused by death, the widow and the minors have separate causes of action, but have been permitted by our jurisprudence to cumulate their demands in the same suit, because their right to recover is dependent on the same state of facts, and they have a joint interest in the recovery of such damages as were recoverable prior to the act of 1884. Buswell on Personal Injuries says: “And it is held, apparently with sound reason, that, when the death occurs, two causes of action may arise — one in favor of the decedent, under the statute providing for the survival of such actions; the other founded on his death, under the statute providing for such actions, and being for the benefit of the relations named in the statute.” The damages are given for different purposes. Id. (2d Ed.) p. 25, § 21.
Hence the judgment rendered in this case will leave to the minors no cause of action, except to recover the pecuniary loss sustained by them by reason of the death of the father.
We do not consider the amount of damages allowed by our decree excessive, but will amend our decree by allowing interest only from date of judgment. And it is so ordered, and, with this modification, the application for a rehearing is refused.